Deadeeick, J.,
delivered the opinion of the court.
At the April term, 1874, of the circuit court of Lake county, an indictment was found against defendants and others, founded upon sec. 4770 b of the Code [Shannon’s Code, sec. 6669], wdiich is as follows: “If 'any person or persons disguised or in mask, by day or by night, shall enter upon the premises of another, or demand entrance or admission. into the house or inclosure of any citizen of this state, it shall be- considered prima facie that his or their intention is to commit a felony, and such demand shall be deemed an assault with intent to commit a felony; and the person or persons so offending shall, upon conviction, be punished by imprisonment in the penitentiary not less than ten nor more than twenty years.” The defendants moved the court to quash the indictment upon the ground that the indictment charges the offense in the alternative and disjunctive, and because several offenses are charged therein, there being but one count in the indictment; and also because the particular felony intended to be committed is not charged. The court sustained the motion and quashed the indictment, from which ruling of the court the attorney-general appealed in error to this court.
The indictment charges that “on the 20th of December, 1873, George Box, Charles Bush, and John Rogers and Joseph B. Harrison, unlawfully, willfully, deliberately and feloniously did enter upon the premises of one Hall Hill, in Lake county, masked and in disguise, and demanded entrance or admittance into the house or inclosure of the *463 said Ball Hill, with the willful, deliberate and felonious intent then and there to commit a felony, etc.
We are of opinion that the statute makes it a felony to enter upon the premises of another, disguised or in mask, and to demand, in mask or disguise, entrance or admission into the hotise of another, is likewise a felony; 'and also to demand entrance into his inclosure masked or disguised, is a felony, and the person or persons doing either of said acts subject himself to the penalty prescribed in the statute.
The indictment, therefore, is liable to the objection that it charges more than one felony in the same count. A distinction has been taken in this respect between indictments for felonies and indictments or presentments in misdemeanors. [State v. Jopling], 10 Hum., 419; [Whiteside v. State], 4 Cold., 183; [Robeson v. State], 3 Heis., 266; [State v. Irvine], 3 Heis., 156.
In Whiteside v. The State, the indictment was founded upon sec. 4666, which enacts that “any person who willfully and maliciously burns the house or outhouse of another, is guilty of arson,” etc., and in construction of this act, this court held that the burning of either made the felony complete. That the legislature did not intend to make the burning of the house or outhouse one offense, but that the brief section referred to made two distinct felonies that could not be joined in the same count. 4 Cold., 183. So the act in question provides that if any person disguised, etc., shall enter upon the premises of another, or if they shall demand entrance into the house or inclosure of any citizen of this state, etc., it is prima facie evidence of an intent to commit á. felony, i. e., the entry, etc., is one offense, and the demand, etc., another.
The section 4770 a of the Code [Shannon’s Code; sec. 6668] being the first’section of the act of 1869-70, ch. 54, makes the prowling, traveling,- riding or walking through the country or towns of this state, by any person or persons, masked or disguised, to the disturbance of the peace or *464 the alarming of the citizens, a high misdemeanor, punishable by fine not less than $100, nor more than $500, and confinement in the county jail at the discretion of the jury trying the case.
The next section, being- the one under consideration, makes felonies of the acts of entering upon the premises, etc., and making demand, etc., as 'the conclusion of the section shows that the phraseology, “and the person so offending,” etc., has reference to the persons doing the forbidden acts of entering the premises and making demands, etc., and it is the doing of these acts that constitutes the felonies and subjects the offenders to the punishment prescribed by the act or section. It is not, therefore^ necessary to allege that the forbidden acts were done with the intent to commit any other felony.
The statute declares that the acts themselves shall be evidence of an intent to commit a felony, and that the person “so offending,” that is, doing the acts which of themselves show an intent to commit a felony, shall be punished by confinement, etc. If it were necessary, in order to the conviction of the defendant, to prove the intent to commit a felony, other than the doing of the forbidden acts, then without proof of such intent there would be no offense under’ the section 4770 b [Shannon’s Code, see. 6669], while it is evident that it was designed by the legislature to malee the entry upon the premises of another by disguised or masked persons a higher offense than that of prowling, etc., through the country or town in disguise, to the terror of the people, created by the first section of the act.
Although the section of the act in question (4770 b) [Shannon’s Code, sec. 6669], is inartificially drawn, yet the provision that it shall be considered prima facie that the intention is to commit a felony, etc., and the demand shall be deemed an assault with intent to commit a felony, are in the nature of reasons given for the infliction of the *465 punishment rather than conditions upon which the punishment of the offender is made to- depend.
The act does not- say wh-óever enters on the premises of another with intent to commit a felony shall be punished, etc., but if any person enters, etc., the evidence is prima facie evidence of an intent to commit -a felony, and the person so offending, that is, so entering under circumstances making such entry prima facie evidence of an intent to commit a felony, shall, upon conviction, that is, conviction of the entry, be punished, etc.
To hold that there is no breach of this statute without proof of intent to commit a felony, different from the act of -entering, would be to defeat the manifest purpose of the statute.
But because the indictment contains in -a single count charges of more than one felony, it was properly quashed, and the judgment- is affirmed.